ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 JUN 20 AM 9:08

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RAFAEL FULGENCIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 312-039 |
| ) | |
| WALT WELLS, Warden, CI McRae; ) | |
| C. EICHENLAUB, Regional Dir. (Mid- ) | |
| Atlantic Region); and HARLEY G. ) | |
| LAPPIN, Dir. of BOP, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brought the above-captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Respondents Eichenlaub and Lappin be **DISMISSED** from this action, *that the petition be* **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

### I.   BACKGROUND

On August 30, 2000, Petitioner was arrested by the Houston Police Department in Houston, Texas; subsequently, on November 8, 2000, he was transferred to the Western District of Louisiana, where he remained in custody until he was ultimately sentenced, on April 18, 2002, to a 235-month term of imprisonment for conspiracy to possess with intent

to distribute cocaine base "crack," in violation of 21 U.S.C. § 841(a)(1). (Doc. no. 1, pp. 2, 5; doc. no. 13, p. 2.) Petitioner was later re-sentenced in that district to 141 months of imprisonment, such that his projected release date is currently set for May 26, 2014. (Doc. no. 13, p. 4; doc. no. 13-1, p. 1.) In re-sentencing Petitioner, the Honorable Tucker L. Melancon, United States District Judge for the Western District of Louisiana, ordered that Petitioner "receive credit for all time served in federal custody in connection with the offenses charged in this case." (Doc. no. 14, p. 14.) After having received his federal sentence, Petitioner was transferred back to the State of Texas, where, on September 26, 2002, he was sentenced on state charges for the same drug offense.[1] (Doc. no. 13, p. 6.) Notably, the sentencing judge in that matter imposed Petitioner's state sentence to begin on August 30, 2000, the date on which he was arrested and taken into custody. See CV 308-007, doc. no. 10, p. 13; doc. no. 8. Petitioner states that he then spent "sixteen months in state custody before federal authorities regained jurisdiction over his person on or about March 1, 2004 for disposition of his federal sentence." (Doc. no. 1, pp. 5-6.)

Petitioner subsequently began to file prison grievances requesting the same relief that he seeks in the instant petition: that he be given credit on his federal sentence for the time period of August 30, 2000 until March 1, 2004. That period of time itself encompasses two other distinct periods of time: (1) the time that Petitioner spent in custody in Texas and

---

[1] Although Petitioner has not pleaded the facts of his case with a high degree of specificity in the instant filings, the Court is familiar with Petitioner and gleans the relevant details from his previous case before this Court, Fulgen[c]io v. Pugh, CV 308-007 (S.D. Ga. Dec. 10, 2008) (hereinafter "CV 308-007"). See United States v. Rey, 811 F.2d 1453, 1457 n. 5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

Louisiana between August of 2000 and April of 2002 while he was awaiting trial, and (2) the time that he subsequently spent serving his state sentence in Texas prior to being paroled and returned to federal custody to begin his federal sentence on March 1, 2004. (Id. at 6, 9.) Petitioner asserts that his grievances were denied and, as noted above, he ultimately brought his first federal habeas petition to this Court on January 28, 2008, pursuant to § 2241. See CV 308-007. In that petition, Petitioner set forth the same grounds for relief as described above, and the Court recommended in a Report and Recommendation ("R&R") that the petition be dismissed based on Petitioner's failure to exhaust his administrative remedies. Id., doc. no. 11. The Court went on to explain that, even if Petitioner had properly exhausted his administrative remedies, his petition appeared to lack merit on its face. Id. Subsequently, the Honorable Dudley H. Bowen, Jr., United States District Judge, adopted the R&R as the opinion of the District Court, and judgment was entered in favor of Respondent Wells. Id., doc. nos. 18, 19.

As noted above, Petitioner sets forth in the instant petition the same grounds for relief that he set forth in his previous § 2241 petition: that he should be given credit on his federal sentence for the time that he served between August 30, 2000, until March 1, 2004. (See generally doc. nos. 1, 14.) Respondent contends that, because Petitioner has already filed an action involving the same facts and received a final judgment on the merits, the instant petition is barred by the doctrine of *res judicata*. (Doc. no. 13, pp. 5-6.) Respondent additionally asserts that Petitioner has again failed to exhaust his administrative remedies prior to bringing his habeas petition. (Id. at 6-8.)

3

## II. DISCUSSION

### A. Proper Respondent

Petitioner has named Mr. C. Eichenlaub, the "Mid-Atlantic Regional Director," as well as Mr. Harley G. Lappin, the Director of the Bureau of Prisons ("BOP"), as Respondents in this case.[2] (See doc. no. 1, p. 1.) These individuals are not proper respondents because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965).[3] Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at McRae Correctional Facility, is the only proper Respondent. Therefore, Respondents Eichenlaub and Lappin should be dismissed from this case.[4]

---

[2] Although the Court is aware that Charles E. Samuels, Jr., replaced Harley G. Lappin as the Director of the BOP in December of 2011, given that, as explained, the Director of the BOP is not a proper Respondent in a habeas proceeding, the Court will not direct that Mr. Samuels be substituted for Mr. Lappin in this action.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[4] Although Respondent argues that Petitioner has again failed to exhaust his administrative remedies, the issue is markedly contentious and clouded by each party's assertions concerning a multitude of grievances that allegedly were or were not submitted. (See doc no. 13, pp. 6-9; doc. no. 14, pp. 5-11.) Regardless of what was or was not filed, however, it appears from Petitioner's filings and arguments that he endeavored to pursue the exhaustion process to its conclusion and was ultimately told that his next available step was to initiate legal action. (See doc. no. 14, pp. 5-7, 48-49.) Therefore, the Court will assume *arguendo* – without making a finding concerning the matter – that Petitioner has adequately exhausted his administrative remedies, and it will accordingly proceed to address Respondent's argument concerning *res judicata*, as well as the merits of Petitioner's claims.

### B. Petitioner Has Already Received Full Credit for Time Served

As an initial matter, the Court will address Respondent's argument that Petitioner's claims are barred by *res judicata* based on the contents of Petitioner's 2008 petition and its subsequent dismissal. The doctrine of *res judicata*, also referred to as claim preclusion, acts to bar a subsequent action when: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003).

As correctly noted by Respondent, the Court's 2008 R&R included two distinct sections, one of which concerned Petitioner's failure to exhaust his administrative remedies, and one of which concerned the underlying merits of his claim. See CV 308-007, doc. no. 11. However, the Court will proceed to address the merits of the instant petition without applying the doctrine of *res judicata* thereto in order to circumvent whatever inherent confusion might stem from the fact that the 2008 petition was dismissed rather than denied,[5] see id., doc. nos. 11, 18, and so as to issue a definitive recommendation that is squarely and inarguably premised on the merits of Petitioner's claims.

Because Petitioner's claims in the instant petition are unavailing for exactly the same reasons as were articulated in 2008, the Court's analysis as to the merits of those claims

---

[5] See Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (noting that "exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits").

5

remains fundamentally the same.[6] Petitioner argues that he is entitled to credit on his federal sentence for the time that he spent in custody following his state arrest on August 30, 2000, through his eventual parole and transfer into federal custody on March 1, 2004. (See generally doc. no. 1.)

The issues Petitioner raises concerning the computation of his sentence are governed by 18 U.S.C. § 3585(b) and by Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCA of 1984),[7] which implements the congressional mandate of 18 U.S.C. § 3585(b).

18 U.S.C. § 3585(b) provides:

(b) Prior Custody Time Credit. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Moreover, PS 5880.28 specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." These authorities collectively establish that time spent in official detention can only be credited towards a term of imprisonment when it has *not been credited against another*

---

[6]Given Respondent's lengthy citation to the Court's 2008 R&R and its analysis of the merits of Petitioner's claims (doc. no. 13, pp. 5-6), the Court presumes that Respondent implicitly raises the argument that, even in the absence of *res judicata*, the instant petition should be denied on the merits for the same reasons set forth in the 2008 R&R.

[7]Program Statements, the BOP's internal agency guidelines, are entitled to some deference from the courts. Reno v. Koray, 515 U.S. 50, 61 (1995).

*sentence* and that, additionally, that no credit will be given for time spent serving another sentence. See United States v. Wilson, 503 U.S. 329, 337 (1992) (noting that Congress has made clear that a defendant cannot receive double credit for his detention time).[8] The Court also notes that, in an unpublished opinion, the Eleventh Circuit affirmed the denial of a petition requesting for credit for time served, concluding, "[p]ursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period had not been credited against another sentence." Castillo v. Federal Corr. Inst. of Tallahassee, 163 F. App'x 803, 804 (11th Cir. 2006) (*per curiam*); see also Chaplin v. United States, 451 F.2d 179, 181 (5th Cir. 1971) (holding petitioner was not entitled to credit toward his federal sentence for such time spent in state custody).

Here, Petitioner has already received credit for all of the time that he has served, whether that time was spent in pretrial detention, in state custody, in federal custody, serving a state sentence, or otherwise. The period of time that he spent in custody following his arrest on August 30, 2000, until September 26, 2002, was already credited towards his state sentence when that sentence was imposed on the latter date. See CV 308-007, doc. no. 10, p. 13; doc. no. 8. The time that he spent serving his state sentence from the time of its imposition on September 26, 2002, until his parole and transfer into federal custody on March 1, 2004, obviously cannot be credited towards his federal sentence, as to do so would directly contravene the language of § 3585(b) and PS 5880.28 and award him double credit for time served. Finally, although outside the relevant time period, it is worth noting that,

---

[8]In the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., which became effective in 1987, Congress rewrote § 3568 and recodified it at § 3585(b). Wilson, 503 U.S. at 332.

when Petitioner began serving his federal sentence on June 7, 2004, the Bureau of Prisons computed Petitioner's sentence as beginning on March 1, 2004, thereby giving him credit for the time served between March 1, 2004 and June 5, 2004. (See doc. no. 13-1, pp. 2-3.)

In sum, because Petitioner was incarcerated pursuant to his state sentence and credited by the state with the time he was incarcerated before coming into federal custody on March 1, 2004, he is not entitled to credit on his federal sentence for the time he spent in custody prior to that date.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Respondents Eichenlaub and Lappin be **DISMISSED** from this action, that the instant § 2241 petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this 20th day of June, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE